UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NICHOLAS F. ROMASCO,            )
            Plaintiff,          )
                                )
            v.                  ) C.A. No. 04-11007-MEL
                                )
UNITED STATES ARMY,             )
            Defendant.          )

**MEMORANDUM AND ORDER**

For the reasons stated below, plaintiff's complaint will

be dismissed in thirty-five (35) days from the date of this

Order, unless plaintiff shows good cause, in writing, before

that time as to why this case should not be dismissed.

ALLEGED FACTS

On May 18, 2004, pro se plaintiff Nicholas Romasco filed

a handicap discrimination claim against the United States

Army.  Plaintiff alleges that he is "physically challenged"

and uses an electric wheelchair.  Complaint pp. 1-2.  He

states that on May 10, 2004, he attempted to enlist in the

United States Army at a recruiting office in Boston,

Massachusetts, but that he was not allowed to enlist.

Complaint p. 2.  Plaintiff appears to claim that the

defendant's action constituted illegal discrimination on the

basis on handicap.  Plaintiff does not cite any specific

statute or regulation in support of his claim.

ANALYSIS

I.    Plaintiff's Claims Are Subject To Preliminary Screening
      Pursuant To 28 U.S.C. § 1915

     Plaintiff has sought permission to proceed in this action

without prepayment of the filing fee.  His complaint,

therefore, is subject to the screening provisions of 28 U.S.C.

§ 1915.  See 28 U.S.C. § 1915 (proceedings in forma pauperis).

Section 1915 authorizes federal courts to dismiss actions in

which a plaintiff seeks to proceed without prepayment of fees

if the action lacks an arguable basis either in law or in

fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), fails to

state a claim on which relief may be granted, or seeks

monetary relief against a defendant who is immune from such

relief.  See 28 U.S.C. § 1915(e)(2).

     Although pro se complaints must be liberally construed,

Haines v. Kerner, 404 U.S. 519, 520-21 (1972), plaintiff's

claims in this case are nevertheless subject to dismissal, as

discussed more fully below.

II.   Plaintiff's Complaint Is Subject To Dismissal As Lacking
      An Arguable Basis in Law or Fact

     In this case, plaintiff's claims are subject to dismissal

because they lack an arguable basis in law or fact.  To the

extent that plaintiff intends to assert a claim under Title I

of the Americans with Disability Act ("ADA"), which prohibits

discrimination on the basis of handicap in employment, the

complaint fails to state any arguable claim under that Act

because the federal government and its agencies, including the

uniformed military services, are not generally subject to the

provisions of the ADA.  See 42 U.S.C. § 12112 (prohibiting

discrimination on the basis of disability by covered entities)

and 42 U.S.C. § 12111(5)(B) (defining "covered entities" and

specifically excluding the United States from coverage under

the ADA); Coffman v. State of Michigan, 120 F.3d 57, 59

(1997)(ADA does not provide remedy for discrimination based on

disability to uniformed member of armed forces who claimed

that he was discriminated against by branch of military).

Accordingly, to the extent that plaintiff intends to assert a

claim under the ADA, that claim is subject to dismissal.

Further, to the extent that plaintiff intends to assert a

claim for discrimination in employment on the basis of

disability under § 504 of the Rehabilitation Act, 29 U.S.C. §

794[1], any such claim must also fail because uniformed military

personnel, or applicants to become uniformed military

---

[1] 29 U.S.C. § 794(a) states that "no otherwise qualified individual with
a disability...shall, solely by reason of his or her disability, be excluded
from the participation in, be denied the benefits of, or be subjected to
discrimination under any program or activity receiving Federal financial
assistance or under any program or activity conducted by any Executive agency
or by the United States Postal Service".

personnel, do not have a cause of action against the federal
government under that section.  See e.g., Golding v. U.S., 48
Fed. Cl. 697, 723 (2001) (holding that the Rehabilitation Act
did not afford a cause of action to naval academy midshipman
who claimed he was discharged on the basis of a disability);
Doe v. Garrett, 903 F.3d 1455, 1461-1462 (11th Cir. 1990)
(naval employee released from service based on handicap has no
cause of action under the Rehabilitation Act); Coffman v.
State of Michigan, 120 F.3d 57, 59 (6th Cir. 1997)(stating that
there exists no cause of action under the Rehabilitation Act
by uniformed members of the armed services, and noting that
courts have consistently "refused to extend statutory remedies
available to civilians to uniformed members of the armed
forced absent a clear direction from Congress to do so")[2].
Accordingly, plaintiff has also failed to state a claim under
the Rehabilitation Act.  Plaintiff's complaint appears to
appears to lack an arguable basis in law or fact, and is
therefore subject to dismissal under § 1915(e).

### CONCLUSION

ACCORDINGLY, for the reasons set forth above, plaintiff's
complaint will be dismissed in thirty-five (35) days from the

---

[2] The Coffman court also cited Chappell v. Wallace, 462 U.S. 296 (1983),
in which plaintiffs were prevented from bringing a Bivens-type claim for
damages for racial discrimination in the context of military employment.

date of this Order unless plaintiff shows good cause, in

writing, before that time, showing why it should not be

dismissed.

SO ORDERED.

Dated at Boston, Massachusetts, this 18th day of August, 2004.

                                   s/ Morris. E. Lasker
                              UNITED STATES DISTRICT JUDGE